### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HITACHI CAPITAL AMERICA CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-11-1126-M |
| | ) |
| SHILOH IMAGING CENTER, LLC, | ) |
| DIAGNOSTIC MEDICAL IMAGING | ) |
| CONSULTANTS, LLC, | ) |
| LARRY SMITH, | ) |
| MELVIN ROBISON, D.O., | ) |
| ROBISON CLINIC, INC., and | ) |
| ROBERT E. MILLS, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court is plaintiff's Motion to Strike Jury Demand, filed January 18, 2012. On February 8, 2012, defendants filed their joint response, and on February 16, 2012, plaintiff filed its reply. On March 8, 2012, the Court held a hearing on this matter.

I.  Background

Defendant Shiloh Imaging Center, LLC ("Shiloh"), through defendant Larry Smith, executed a Master Equipment Lease ("Master Lease") in favor of plaintiff. Paragraph 22 of the Master Lease provides, in pertinent part:

> 22.  Governing Law and Jurisdiction: THIS LEASE AND ANY SCHEDULES ENTERED INTO INCORPORATING THE TERMS OF THIS LEASE SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE INTERNAL LAWS OF THE STATE OF CONNECTICUT WITHOUT REGARD TO ITS CHOICE OF LAW RULES.  LESSEE EXPRESSLY WAIVES ANY RIGHT TO TRIAL BY JURY.

As additional consideration and as a condition to the extension of credit by plaintiff to Shiloh, the following guarantees were executed by one or more of the defendants in favor of

plaintiff: (1) Limited Corporate Guaranty executed by defendants Diagnostic Medical Imaging Consultants, LLC ("DMIC") and Larry Smith, (2) Limited Corporate Guaranty executed by defendants DMIC, Larry, Smith, Melvin Robison, D.O., Robison Clinic, Inc. ("Clinic"), and Robert E. Mills, and (3) Limited Corporate Guaranty executed by defendants DMIC, Larry Smith, Melvin Robison, D.O., and Clinic. Paragraph 15 of each of the guaranties provides, in pertinent part:

> 15. EACH GUARANTOR HEREBY WAIVES TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM BROUGHT BY OR AGAINST EITHER SUCH GUARANTOR OR HCA ON, OR IN RESPECT OF, ANY MATTER WHATSOEVER ARISING OUT OF, RELATING TO OR PERTAINING TO THIS GUARANTY, THE RELATIONSHIP BETWEEN SUCH GUARANTOR AND HCA AND/OR ANY CLAIM OF INJURY OR DAMAGE FROM ANY OTHER RELATIONSHIP BETWEEN SUCH GUARANTOR AND HCA, INCLUDING WITHOUT LIMITATION, TORT CLAIMS.

Subsequent to the execution of the Master Lease and guaranties, Shiloh defaulted under the terms of its financial obligations to plaintiff. Subsequent to the default, Shiloh and plaintiff mutually cooperated in the liquidation of the assets leased by Shiloh from plaintiff. Upon the completion of the liquidation of the assets and crediting of the net proceeds of sale, Shiloh remained indebted to plaintiff.

On October 5, 2011, plaintiff filed the instant action. In each of their answers, defendants demand a jury trial. Plaintiff now moves to strike the jury demands based upon the jury trial waivers included in the Master Lease and the guaranties.

II.   Discussion

> The right to a jury trial in the federal courts is governed by federal law. *Simler v. Conner*, 372 U.S. 221, 221-22, 83 S.Ct. 609, 609-10, 9 L.Ed.2d 691 (1963) (per curiam) (jury trial right controlled by federal law to insure uniformity in exercise required by seventh amendment).  Agreements waiving the right to trial by jury are neither illegal nor contrary to public policy.

*Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988). "The waiver of a party's Seventh Amendment right to a jury trial is valid if the waiver was knowing and voluntary." *Pinstripe, Inc. v. Manpower, Inc.*, No. 07-CV-620-GKF-PJC, 2009 WL 1457704, at *2 (N.D. Okla. May 22, 2009); *Am. Bank and Trust Co. v. Bond Int'l Ltd.*, No. 06-CV-0317-CVE-FMH, 2006 WL 2947088, at *2 (N.D. Okla. Oct. 16, 2006) (citing *Leasing Serv. Corp. v. Crane*, 804 F.2d 828, 832-33 (4th Cir. 1986)).  Additionally, this Court agrees with those courts that have held that the party seeking enforcement of the jury waiver must prove that consent was both knowing and voluntary. *See Leasing Serv. Corp.*, 804 F.2d at 833; *Pinstripe*, 2009 WL 1457704, at *2 (finding "[s]uch an approach is consistent with the fundamental premise that, because the right of jury trial is fundamental, courts indulge every reasonable presumption against waiver"). Finally, in determining whether a jury trial waiver was knowing and voluntary, a court must consider: (1) whether the waiver was conspicuous, and (2) whether there was a gross disparity in bargaining power between the parties. *See Pinstripe*, 2009 WL 1457704, at *2; *Am. Bank and Trust Co.*, 2006 WL 2947088, at *2.

Having carefully reviewed the Master Lease and the guaranties, the Court finds that the jury trial waivers are conspicuous.  Specifically, the Court finds that while in the same font size as the rest of the Master Lease and the guaranties, in contrast to the majority of the other provisions in the Master Lease and the guaranties, the jury trial waiver in the Master Lease was in all caps and the

jury trial waivers in the guaranties were in all caps and in bold. The Court finds such treatment of these provisions indicates that plaintiff did not attempt to inconspicuously bury the waiver provisions in the Master Lease and the guaranties.

However, having heard the evidence presented at the hearing, and having reviewed the affidavits submitted, the Court finds that there was a gross disparity in bargaining power between the parties. Plaintiff is a large national corporation. Shiloh and DMIC are small local limited liability corporations; defendant Melvin Robison, D.O. is a small town doctor, and Clinic is a small town doctor's office; defendant Robert E. Mills is an unsophisticated individual, and defendant Larry Smith is an individual with some experience in purchasing medical equipment, including previous purchases from plaintiff. Further, the evidence presented at the hearing undisputedly shows that the jury trial waiver provisions were not a bargained for term of either the Master Lease or the guaranties; the parties did not negotiate the terms of the Master Lease or the guaranties; the jury trial waiver provisions were never brought to defendants' attention; defendants were not represented by counsel; there was no face to face meeting between the parties; and plaintiff was the only option defendants had to obtain the financing to lease the medical equipment at issue. Further, the Court finds that the evidence presented clearly shows that defendant had no choice but to accept the contract as written. Based upon this evidence, the Court finds that there was a gross inequality in bargaining power between plaintiff and defendants such that the jury trial waivers were neither knowing or voluntary.

III.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES plaintiff's Motion to Strike Jury Demand [docket no. 27].

**IT IS SO ORDERED this 14th day of March, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE